J-S51032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVR BRAXTON KOESTNER | : | |
| | : | |
| Appellant | : | No. 834 MDA 2020 |

Appeal from the PCRA Order Entered May 20, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002094-2017

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED DECEMBER 14, 2020**

Trevr Braxton Koestner (Appellant) appeals from the order entered in the Lebanon County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), seeking relief from his plea of *nolo contendere* to charges of aggravated assault, simple assault (two counts), possession of an instrument of crime (PIC), and recklessly endangering another person (REAP).[1]  On appeal, Appellant contends the PCRA court erred when it rejected his claim that plea counsel's ineffectiveness caused him to enter an involuntary *nolo contendere* plea.  We affirm.

---

[1] 18 Pa.C.S. §§ 2702(a)(4), 2701(a)(1)-(2), 907, and 2705, respectively.

We glean the following facts from the affidavit of probable cause.[2] On October 29, 2017, Appellant struck the victim, Scott Nissley, several times with a baseball bat. Affidavit of Probable Cause, 10/29/17, at 1. As a result of the attack, Nissley suffered multiple lacerations to his head, bruises on his torso, a collapsed lung, and a broken arm. *Id.* at 2.

Appellant was subsequently charged with attempted murder,[3] aggravated assault (two counts), simple assault (two counts), terroristic threats,[4] PIC, and REAP. On October 2, 2018, he entered a negotiated plea of *nolo contendere* to the above-stated offenses. In exchange for the plea, the parties agreed to the following: (1) the Commonwealth would *nolle pros* the charges of attempted murder, terroristic threats, and one count of aggravated assault; (2) Appellant would serve a minimum sentence of 27 months' imprisonment; (3) the maximum sentence would be determined by the trial court; and (3) the sentence would run "concurrent to Lancaster charges/sentence." Appellant's Nolo Contendere Plea, 10/2/18, at 6. Appellant was represented by Brian L. Deiderick, Esquire, Chief Public Defender of Lebanon County. *See* Entry of Appearance, 11/16/17.

---

[2] We note the transcript of Appellant's plea hearing is not included in the certified record.

[3] 18 Pa.C.S. §§ 901, 2501(a).

[4] 18 Pa.C.S. § 2706(a)(1).

On December 5, 2018, Appellant appeared for sentencing before the trial court. He was represented by another attorney from the Lebanon County Office of the Public Defender, Nicholas Sidelnick, Esquire. Attorney Sidelnick informed the trial court that, pursuant to his plea, Appellant was to receive a minimum sentence of 27 months' imprisonment, credit for time-served from November 3, 2017, and a sentence to run "concurrent to Docket CP-36-CR 6116 of 2017, which is a Lancaster County sentence where he [was] serving [time.]" N.T. Sentencing H'rg, 12/5/18, at 2. Prior to imposing sentence, the following exchange occurred:

> THE COURT: [Appellant], anything that you'd like to say before sentence is imposed?
>
> [Appellant]: This is [to] run concurrent to all previous Lancaster charges and new charges; right?
>
> THE COURT: I was given one action number that I was looking to run this concurrent with. That is why I asked for the number.
>
> Are there other numbers to be concurrent with?
>
> [Commonwealth]: No, it was this and Lancaster. I knew he was facing additional charges in Lancaster County, and Attorney Deiderick had discussed this and Lancaster County. He would be given basically double credit.
>
> THE COURT: Any other comments or questions?
>
> [Appellant]: Negative.

*Id.* at 10.

The trial court imposed a sentence consistent with the plea agreement: 27 months' to six years' imprisonment on the count of aggravated assault and a concurrent term of 16 months' to five years' imprisonment for PIC. The

remaining charges merged for sentencing. The court also specifically directed that Appellant's "sentence shall . . . run concurrently with the sentence under Lancaster County 6116 of 2017." N.T., Sentencing H'rg, at 12. ***See also*** Order of Court, 12/5/18, at i (directing sentence "shall be computed to run . . . concurrently . . . with the sentence imposed at Docket No. 6116 of 2017 (Lancaster County)"). No direct appeal was filed.

On October 7, 2019, Appellant filed a timely, *pro se* PCRA petition, asserting plea counsel's ineffectiveness for incorrectly informing him that his sentence would run concurrently with another parole violation sentence at "Lancaster County Docket No.: 0148-2015."[5] ***See*** Appellant's Amended

---

[5] Pursuant to 61 Pa.C.S. § 6138(a)(5):

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>>
>> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>>
>> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5)(i)-(iii).

J-S51032-20

Petition for Relief Pursuant to the Post Conviction Relief Act, 10/7/19, at 2, 4-5. Appellant asserted that because he entered his plea upon this incorrect advice of counsel, his plea was unknowing and involuntary. *Id.* at 5. The PCRA court promptly appointed counsel, and an evidentiary hearing was conducted on March 20, 2020.[6] Thereafter, on June 5, 2020, the PCRA court entered an order denying PCRA relief. This timely appeal follows.[7]

Appellant raises the following four issues in his brief:

1. Whether the Court committed prejudicial error in finding that . . . Appellant could not withdraw his guilty plea because of the inaccurate information provided to him by his counsel that induced him to enter his plea of guilty[?]

2. Whether the Court committed prejudicial error in finding that . . . Appellant could not withdraw his guilty plea despite his clear belief that his Lebanon County case could run concurrent to a state parole violation resentence[?]

3. Whether the Court committed prejudicial error in finding that . . . Appellant's counsel did communicate to him that the Pennsylvania Board of Probation and Parole would not run a sentence on a new docket concurrent to a sentence for a violation of parole on an older criminal docket[?]

4. That the opinion of the Court was against the weight and sufficiency of the evidence presented at trial.

Appellant's Brief at 5-6.

Our review of an order denying a PCRA petition is well-settled: "[W]e must determine whether the PCRA court's order 'is supported by the record

---

[6] Counsel did not file an amended PCRA petition.

[7] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

- 5 -

and free of legal error.'" ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Furthermore, "[t]he PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court." ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).

Where, as here, a petitioner's claims raise allegations of prior counsel's ineffectiveness,

> the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

***Johnson***, 139 A.3d at 1272 (citations omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the] appellant to enter an involuntary or unknowing plea." ***Commonwealth v. Fears***, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted).

Although Appellant lists four issues in his Statement of Questions Involved, he presents only one argument — plea counsel induced him to enter an involuntary and unknowing plea by informing him that his present sentence would run concurrently with his state parole recommitment. Appellant's Brief at 11-12. Indeed, he maintains "he was told that all three of his cases, Lebanon County, Lancaster County and his State Parole Violation would run concurrent with one another[.]" ***Id.*** at 14. However, he was later advised by

the Department of Corrections that "he will only start to serve his Lebanon County case time in May of 2022[,]" after the expiration of his parole recommitment. *Id.* Appellant insists "the only reason that he accepted the plea was . . . the assurance that all the cases would be concurrent and that if he knew that the[y] would run consecutive to one another he would have never accepted the plea[.]" *Id.* at 14-15.

The PCRA court found the "evidence adduced at the PCRA hearing belie[d] these assertions." PCRA Ct. Op., 5/20/20, at 12. The court opined:

> Although [Appellant's] written plea colloquy does not specifically refer to any Lancaster County dockets, only No. 6116 of 2017 was specifically referred to by [Attorney] Sidelnick and the Court during the Sentencing Hearing on December 5, 2018. No other charges or docket numbers were referenced at all.
>
> When [Appellant] questioned the Court about his plea bargain running concurrent to all his other previous Lancaster County actions, the Court advised him that [it] had been given only one action number with which this sentence should run concurrent and asked whether there were others. Thus, it was made clear that the sentence imposed in this action would run concurrent only to that action. After the Commonwealth responded that No. 6116-2017 was the only one, [Appellant] was asked if he had any other questions or comments. Despite being given the opportunity to pursue this issue, [Appellant] did not ask anything else about his sentence running concurrent with any time he could potentially get on his state parole violation or state his understanding that this was a term of his plea agreement. We specifically noted Action No. 6116 [-] 2017 on the Sentencing Order and [Appellant] did not object to or request modification of that provision of his Sentence.
>
> Moreover, we find credible [Attorney Deiderick's] testimony [at the PCRA hearing] that [Appellant] was aware that he would be receiving time on his parole violation and that the possibility of it being run concurrent with this Sentence was not a matter which was subject to negotiation in these proceedings. [Attorney

- 7 -

Deiderick] explained that he did not misinform [Appellant] of the terms of the plea agreement. He had learned from [a] 2013 PCRA experience that he should make it clear to his clients that recommitments for parole violations were subject to the sole discretion of the Board of Parole and the Department of Corrections and could not be a subject of bargaining at this level. He explained that the defense goal was to have this sentence run concurrent with that imposed on Lancaster County No. 6116-2017 and that [Appellant] never complained that his state parole violation was not included in the plea agreement or on his Sentencing Order. We finally note that [Appellant's] credibility is undermined by his candor in informing [Attorney Deiderick] that he would be PCRA'd throughout the course of his representation.

For these reasons, we find [Appellant] has failed to prove any ineffectiveness on the part of [Attorney Deiderick] which would have caused [Appellant] to enter an involuntary or unknowing plea and we will therefore deny his request for collateral relief.

PCRA Ct. Op. at 12-14.

Upon our review of the record — particularly, the PCRA hearing transcript — the parties' briefs, and the relevant statutory and case law, we conclude that the PCRA court thoroughly addressed and properly disposed of Appellant's claim in its opinion. Appellant requests that this Court supplant the PCRA court's credibility determinations with our own. **See** Appellant's Brief at 15 (arguing his own testimony established counsel's ineffectiveness). This, we decline to do*. **See Small***, 238 A.3d at 1280. Accordingly, we rest on the court's well-reasoned basis.[8]

_____

[8] We note that a panel of this Court rejected this same claim made by Appellant in a PCRA petition filed at the Lancaster County court docket, No. 6116-2017. **See Commonwealth v. Koestner**, 285 MDA 2020 (Pa. Super. Aug. 7, 2020) (rejecting Appellant's claim that plea counsel was ineffective for inducing him to plead guilty by wrongly advising him his sentence would run concurrent to parole violation recommitment).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2020